FILED
United States Court of Appeals
Tenth Circuit

July 22, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ERIC OROZCO,

      Defendant - Appellant.

No. 14-6065
(D.C. No. 5:04-CR-00179-R-3)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **GORSUCH**, and **PHILLIPS**, Circuit Judges.

Eric Orozco, a federal prisoner proceeding pro se, seeks a certificate

of appealability (COA) to appeal the district court's decision construing his

Fed. R. Civ. P. 60(b) motion as an unauthorized second or successive 28 U.S.C.

§ 2255 motion and dismissing it for lack of jurisdiction. We deny a COA and

dismiss this matter.

Mr. Orozco was found guilty of one count of conspiracy to commit money

laundering. He was sentenced to 240 months' imprisonment. We affirmed his

conviction and sentence on direct appeal. *See United States v. Orozco*, 240 F. App'x

---

[*]    This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

287, 289 (10th Cir. 2007). Mr. Orozco subsequently filed a § 2255 motion to vacate, correct or set aside his sentence. The district court denied the motion, and we denied his request for a COA. *See United States v. Orozco*, 301 F. App'x 783, 784 (10th Cir. 2008).

In September 2013, Mr. Orozco filed a motion seeking relief under Fed. R. Civ. P. 60(b). The district court concluded that the 60(b) motion constituted an attempt to file a second or successive § 2255 motion without prior authorization and dismissed the motion for lack of jurisdiction. Mr. Orozco now seeks a COA to appeal from that decision.

To obtain a COA, Mr. Orozco must show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A prisoner may not file a second or successive § 2255 motion unless he first obtains an order from the circuit court authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); *id*. § 2255(h). Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2255 motion. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

A 60(b) motion should be treated as a second or successive § 2255 motion "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). A 60(b) motion may not be treated as a successive § 2255 motion if

it "challenges a defect in the integrity of the federal habeas proceeding," as long as "such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Id*. at 1216.

In his Rule 60(b) motion, Mr. Orozco argued that he was entitled to relief from his conviction and sentence because of the Supreme Court's decisions in *United States v. Santos*, 553 U.S. 507 (2008), and *Alleyne v. United States*, 133 S. Ct. 2151 (2013). Applying the *Spitznas* analysis to Mr. Orozco's Rule 60(b) motion, the district court explained, "[h]ere, Defendant is clearly asserting a federal basis for relief from his underlying conviction. Defendant argues that multiple Supreme Court cases have rendered his conviction invalid in different ways. Defendant never challenges a defect in the integrity of a federal habeas proceeding." R., Vol. 1 at 115-16.

Reasonable jurists could not debate that the district court was correct in its procedural ruling to treat Mr. Orozco's 60(b) motion as an unauthorized second or successive § 2255 motion and dismiss it for lack of jurisdiction. Accordingly, we deny a COA and dismiss this matter. We grant Mr. Orozco's motion for leave to proceed on appeal without prepayment of costs or fees.

Entered for the Court

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk

- 3 -